IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG L. JONES,<br>Petitioner, | : <br>: <br>: | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br>: | |
| CHRISTOPHER CARR et al.,<br>Respondents. | : <br>: | CIVIL ACTION NO.<br>1:18-CV-1724-ODE-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is a state prisoner who, pro se, filed a "NOTICE & DEMAND FOR ORDER TO VACATE VOID JUDGMENT," in which he contends that his judgment of conviction entered in the Superior Court of Thomas County, Georgia is "void" because that court "lacked subject matter jurisdiction." (Doc. 1 at 1-2, 24.) Petitioner claims that the void judgment "must be vacated" and demands that he "be released from custody and conditions of supervision immediately." (*Id.* at 2, 23.)

Although Petitioner states that "[t]his is not a habeas corpus" action, he cannot invalidate his judgment of conviction or otherwise obtain relief from that judgment in federal court except under the federal habeas corpus laws. *See* 28 U.S.C. § 2254. The Clerk thus properly construed Petitioner's demand to vacate his judgment of conviction and release him from imprisonment as a petition for a writ of habeas corpus under § 2254. But this Court is not the proper venue for Petitioner's action.

A state prisoner may file a habeas petition in the federal district within which the prisoner was convicted or in the federal district within which the prisoner is confined. *Id.* § 2241(d). Petitioner is not confined in this district and was not convicted here; he is confined within the jurisdiction of the U.S. District Court for the Middle District of Georgia, and his judgment of conviction was entered in a state court in that district. Moreover, it is the long-standing policy and practice of the federal district courts in Georgia to adjudicate all habeas petitions in the district within which the challenged judgment of conviction was entered.

Accordingly, the undersigned **RECOMMENDS** that the Court **TRANSFER** this action to the U.S. District Court for the Middle District of Georgia, Valdosta Division, for further proceedings.[1]

**SO RECOMMENDED**, this 27 day of April, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner previously filed two § 2254 habeas petitions in the Middle District, one of which is pending. Pet., *Jones v. McLaughlin*, No. 7:17-cv-149-HL-TQL (M.D. Ga. Sept. 5, 2017); Pet., *Jones v. Georgia*, No. 7:17-cv-116-HL-TQL (M.D. Ga. June 26, 2017). It is thus appropriate to characterize Petitioner's filing in this Court as another § 2254 petition and transfer it to the Middle District for consideration with the pending petition. *See Castro v. United States*, 540 U.S. 375, 381-38 (2003).

AO 72A
(Rev.8/82)